IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY NORWOOD,

    Plaintiff,                         No. CIV S-09-2929 LKK GGH P

    vs.

NANGANAMA, et al.,

    Defendants.                <u>ORDER &amp;</u>
                                           <u>FINDINGS AND RECOMMENDATIONS</u>
_____/

        Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On November, 17, 2009, the undersigned deemed service appropriate for defendants Nanganama, Ramen, Byers, Salmi and Kaur.

        Defendants Nanganama and Raman were served and their motion to dismiss was granted on January 11, 2011, in that Nanganama was dismissed from this action, but plaintiff would be allowed to file an amended complaint with respect to defendant Ramen. The undersigned stated that plaintiff should file an amended complaint once service problems with the remaining defendants had been resolved.

        With respect to the three remaining defendants, Byers, Salmi and Kaur, service was not effectuated, as the waiver of service was returned unexecuted, on February 10, 2010. Doc. 15. Salmi and Byers were not employed at the facility plaintiff indicated and could not be

1

located in the CDCR database.  Kaur was not located at the facility plaintiff indicated and the CDCR database listed too many entries with that name.

On May 19, 2010, the undersigned sent plaintiff new forms with respect for service on Byers, Salmi and Kaur and to return the forms to the court within 60 days with additional information on how to serve these defendants.  On July 21, 2010, plaintiff requested an extension of time to return the forms to the court as he was still attempting to ascertain the addresses for these defendants.  Plaintiff's request was granted   Doc. 33.  On August 5, 2010, plaintiff requested court intervention to obtain the relevant information regarding information needed to serve defendants.  On September 21, 2010, the undersigned granted plaintiff's request, and on October 15, 2010, last known business addresses were provided to plaintiff regarding defendants Byers, Salmi and Kaur.

On October 21, 2010, new forms were provided to plaintiff to be completed and returned to the court for service on defendants Byers, Salmi and Kaur and on November 1, 2010, the undersigned ordered service of these defendants.  Byers was served and answered the complaint on February 7, 2011.  However, Kaur could not be located (Doc. 50) nor could Salmi (Doc. 52).

Pursuant to Federal Rule of Civil Procedure 4(m), if a defendant is not served within 120 days of filing the complaint, the court may dismiss the complaint without prejudice as to that defendant.  Based on this history discussed above and that several service attempts have been made over the last 18 months, it is pointless to continue to attempt to serve Kaur and Salmi.  Plaintiff has been afforded every opportunity to obtain information regarding these defendants, but all attempts at service have proved unsuccessful and it is time for this litigation to continue.

As stated above, plaintiff's claims against defendant Ramen were dismissed with leave to amend.  Doc. 45.  Within twenty-eight days of service of this order, plaintiff may file an amended complaint as discussed in the November 18, 2010, order and findings and recommendations.  Failure to file an amended complaint will result in a recommendation that

defendant Ramen be dismissed from this action.

Accordingly, IT IS HEREBY ORDERED that within twenty-eight days of service of this order, plaintiff may file an amended complaint as discussed in the November 18, 2010, order and findings and recommendations. Failure to file an amended complaint will result in a recommendation that defendant Ramen be dismissed from this action. Plaintiff should include his present allegations against defendant Byers in the amended complaint. If no further allegations are made against defendant Byers, this defendant may choose to stand on his present answer, and that answer will be deemed responsive to the amended complaint.

IT IS HEREBY RECOMMENDED that defendants Kaur and Salmi be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 14, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
norw2929.ord4