IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY NORWOOD,

    Plaintiff,                       No. CIV S-09-2929 LKK GGH P

    vs.

NANGANAMA, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

    Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On November, 17, 2009, the undersigned deemed service appropriate for defendants Nanganama, Ramen, Byers, Salmi and Kaur. Defendants Nanganama and Raman were served and have since been dismissed from this action.

    With respect to the three remaining defendants, Byers, Salmi and Kaur, service was not effectuated, as the waiver of service was returned unexecuted, on February 10, 2010. Doc. 15. Salmi and Byers were not employed at the facility plaintiff indicated and could not be located in the CDCR database. Kaur was not located at the facility plaintiff indicated and the CDCR database listed too many entries with that name.

    On May 19, 2010, the undersigned sent plaintiff new forms with respect for service on Byers, Salmi and Kaur and was to return the forms to the court within 60 days with

1

additional information on how to serve these defendants. On July 21, 2010, plaintiff requested an extension of time to return the forms to the court as he was still attempting to ascertain the addresses for these defendants. Doc. 32. Plaintiff's request was granted. Doc. 33. On August 5, 2010, plaintiff requested court intervention to obtain the relevant information regarding information needed to serve defendants. Doc. 34.

On September 21, 2010, the undersigned granted plaintiff's motion for court intervention in that the undersigned ordered counsel for the other defendant to serve a subpoena on the Director of CDCR to provide, if possible, the addresses for Byers, Salmi and Kaur. Doc. 35.[1] On October 15, 2010, counsel provided the addresses and names of the companies where Byers, Salmi and Kaur were last known to be employed. Doc. 37.

On October 21, 2010, new forms were provided to plaintiff to be completed and returned to the court for service on defendants Byers, Salmi and Kaur and on November 1, 2010, the undersigned ordered service of these defendants. Doc. 39. Byers was served and answered the complaint on February 7, 2011. Doc. 48. However, Kaur could not be located (Doc. 50) nor could Salmi (Doc. 52).

On April 14, 2011, the undersigned discussed the service history set forth above and noting that the undersigned had intervened and provided addresses to plaintiff and as service had been pending for approximately 18 months, recommended that the unserved defendants be dismissed. Doc. 53.

On May 26, 2011, the district judge assigned to this case did not adopt the undersigned's findings and recommendations and granted plaintiff 90 days to serve defendants Kaur and Salmi. Doc. 57. If plaintiff was unable to serve the defendants he was instructed to file a declaration listing the actions he took to serve them and demonstrate that he diligently attempted service. Id.

---

[1] The undersigned wrote and provided the subpoena to defendant.

Approximately two weeks later on June 13, 2011, plaintiff filed a motion for the court to effect service on defendants and/or appoint counsel or an investigator. Doc. 59. In his motion, plaintiff requests the court to order counsel for the other defendants to provide adequate information so defendants can be served.[2] Plaintiff does not discuss if he again attempted to serve defendants nor did he describe any actions he has taken to diligently serve defendants as set forth in the district judge's order.

Based on this history discussed above and that several service attempts have been made over the last 21 months, it is pointless to continue to attempt to serve Kaur and Salmi. Plaintiff has been afforded every opportunity to obtain information regarding these defendants, but all attempts at service have proved unsuccessful. The undersigned has already ordered counsel for the other defendants to provide plaintiff with addresses for these individuals, and counsel complied. It is not clear why service was not competed at the last known addresses for Kaur and Salmi, though counsel for the remaining defendants is not responsible for tracking all movements of potential defendants that counsel does not represent. The district judge also provided plaintiff an additional 90 days to serve the defendants or provide a declaration of his attempts to diligently serve the defendants, but plaintiff failed to follow the instructions.

Plaintiff has already received much additional help in attempting to serve these defendants. In the last 21 months there have been several service attempts, the undersigned has written a subpoena to be served on plaintiff's behalf and counsel for the other defendants discovered addresses for the defendants. It is time for this litigation to continue against the served defendants and for the court to cease expending extra resources on behalf of this plaintiff, as the court's resources are already severely limited.

Plaintiff has also requested the appointment of counsel or an investigator to help effectuate service on these defendants. The United States Supreme Court has ruled that district

---

[2] Plaintiff does not discuss that counsel was previously ordered to and already provided defendants addresses.

3

courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

In the instant case, plaintiff alleges that the defendants purposely misdiagnosed plaintiff's skin rashes/microscopic infestations to avoid civil liability. Plaintiff alleges that the defendants only treated him for skin infections but not the microscopic infestations. Plaintiff was treated for skin infections and scabies[3] and referred to an outside dermatologist. Plaintiff was also dissatisfied with the non defendant outside dermatologist. In the present case, the court does not find the required exceptional circumstances.[4] Moreover, outside of experts, district courts do not, absent Congressional authorization, have authority to provide resources to pro se plaintiffs so that they can more easily prosecute a case. <u>Tedder v. Odell</u>, 890 F.2d 210, 211–12 (9th Cir.1989) (per curiam).

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for the court to effect service (Doc. 59) be denied; and

2. Defendants Kaur and Salmi be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m) and for plaintiff failing to follow the court's order. Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[3] Plaintiff was diagnosed with scabies, which is caused by a tiny species of mite. This would seem to contradict plaintiff's allegations that defendants ignored his concerns about microscopic infestation.

[4] Plaintiff has filed four other civil rights cases in the last few years and has demonstrated his ability to competently represent himself, as several of the cases continue to be litigated.

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3 shall be served and filed within fourteen days after service of the objections.  The parties are
4 advised that failure to file objections within the specified time may waive the right to appeal the
5 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 8, 2011

                        /s/ Gregory G. Hollows
                        UNITED STATES MAGISTRATE JUDGE

GGH: AB
norw2929.ord5