IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY NORWOOD,

    Plaintiff,                  No. CIV S-09-2929 LKK GGH P

    vs.

NANGANAMA, et al.,

    Defendants.              ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On September 9, 2011, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds that while the findings are supported by the record, it nonetheless declines to adopt the recommendations.

1

1. **Service**

This matter well illustrates the difficulties faced by a prisoner who is attempting to effect service of process and get himself to the starting gate of civil litigation. The Magistrate Judge has already intervened to ensure that no unreasonable barrier was preventing plaintiff from effecting service upon two defendants, "Dr. Salmi," and "Dr. Kaur." This court gave plaintiff another chance to serve the defendants or to file a declaration explaining his diligent efforts in the event they were not served. Dkt. No. 57. Plaintiff's subsequent declaration, and the record as a whole, shows that plaintiff has diligently attempted to serve these defendants, yet service has still not been effected.

A close look at the record fails to reveal any explanation for why the U.S. Marshals Service has not effected service on Dr. Kaur. Service was attempted by mail on December 10, 2010, at his current business address, the California Department of Correctional Rehabilitation. That state facility stated that it was "unable to locate" its own employee. However, there is no indication in the record that any other means of service was attempted, even though defendant's name and business address are known. This matter will be returned to the Magistrate Judge to determine whether service can be effected through other means, including personal service.

The record does show why the attempted service on Dr. Salmi failed. The Attorney General advised the Magistrate Judge that Dr. Salmi was "a registry employee." The "registry" apparently refers to the Registry of Physician Specialists located at 1299 Newell Hill Place, Suite 100, Walnut Creek, CA, as previously identified by the AG. Dkt. No. 37. However, the AG also stated that Dr. Salmi "was employed" by the Newport Oncology and Healthcare Medical Corp., with a P.O. Box in Aptos, CA, although counsel does not state when Dr. Salmi was employed there, or if the doctor is currently employed there. Apparently as a result of this somewhat confusing description of Dr. Salmi's current location, plaintiff requested service on Dr. Salmi at

////

////

Newport Oncology, rather than at the doctor's current business address.[1]

Accordingly, this matter will be returned to the Magistrate Judge to afford plaintiff an opportunity to request service of Dr. Salmi at what the AG says is the doctor's current business address, the Registry of Physician Specialists, 1299 Newell Hill Place, Suite 100, Walnut Creek, CA. As with Dr. Kaur, if service by mail is not successful, the Magistrate Judge should determine whether service can be effected by other means, including personal service.

**2.    The First Amended Complaint.**

Plaintiff has now filed a First Amended Complaint (Dkt. No. 53), which the Magistrate Judge has deemed to be the operative complaint, but which does not contain any allegations against Dr. Kaur or Dr. Salmi. However, plaintiff's failure to allege conduct by these defendants appears to have resulted from the plaintiff's misinterpretation of the Magistrate Judge's April 14, 2011 order and recommendations (Dkt. No. 53). Plaintiff apparently interpreted the order and recommendations to mean that he could only include allegations against a different defendant, T. Byers. However, the First Amended Complaint as it currently stands, will not support any effort to effect service against Dr. Kaur or Dr. Salmi, as it contains no allegations against them.

3.    **Conclusion**

This matter is returned to the Magistrate Judge for further proceedings not inconsistent with this order.

a.    This court sua sponte grants plaintiff leave to amend his First Amended Complaint, within thirty (30) days of the date of this order. If plaintiff chooses to amend the complaint, it must contain sufficient allegations against all the defendants plaintiff intends to sue.[2] If plaintiff chooses not to amend the complaint, the lawsuit will proceed on the First

---

[1] In any event, the U.S. Marshals Service does not disclose what happened to the attempted service on Newport Oncology. The return of service states only that "Per CDCR locator - not listed." Dkt. No. 52.

[2] The complaint should contain no allegations against defendant Nanganama unless plaintiff shows that he has exhausted his administrative remedies.

1  Amended Complaint against defendant Byers only, and Kaur and Salmi will be dismissed from
2  the case.
3       b.   Plaintiff shall be afforded an opportunity to serve Dr. Salmi (with the
4  assistance of the U.S. Marshals Service), at the Registry of Physician Specialists, 1299 Newell
5  Hill Place, Suite 100, Walnut Creek, CA.
6       c.   If service is not effected on Dr. Kaur and Dr. Salmi within ninety (90)
7  days from the date of this order, plaintiff shall file a declaration listing the actions he took to
8  serve them.  Plaintiff must show that he diligently attempted to effect service.  Plaintiff's
9  declaration shall list the addresses where he requested that service be made.  The Magistrate
10 Judge shall thereupon ensure that the U.S. Marshals Service has exhausted all available means of
11 effecting service, including personal service.
12      IT IS SO ORDERED.
13      DATED: February 2, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4