IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY NORWOOD,

    Plaintiff,                    No. 2:09-cv-2929 LKK GGH P

   vs.

NANGANAMA, et al.,

    Defendants.
                                    ORDER

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis who seeks relief pursuant to 42 U.S.C. § 1983. On April 19, 2012, the undersigned recommended that defendant's motion for summary judgment be denied. On May 3, 2012, defendant filed objections and essentially a new motion for summary judgment and requested to be allowed to submit the new motion for summary judgment and the new evidence based on counsel's excusable neglect. On July 11, 2012, the district judge assigned to this case remanded the matter back to the undersigned to determine whether defendant's proposed reply should be late-filed and considered part of the summary judgment motion.

        The discovery and scheduling order in this case stated that pretrial motions were due by December 23, 2011, yet defendant did not file a summary judgment motion by that date.

1

Doc. 58. Based on the procedural issues with serving other defendants in this case and as there could be some confusion, on January 30, 2012, the undersigned issued an order to defendant that within 14 days he shall state if he *intends* to file a dispositive motion. Doc. 66. Defendant filed a motion for summary judgment on February 13, 2012. Defendant, in contradiction to local rules as plaintiff is proceeding pro se, set the matter down for oral argument before the undersigned. The court hearing was vacated and plaintiff was reminded that he must still file an opposition. The undersigned did not specifically tell defendant to file a reply, as that is explicitly set out in the local rules and defendant of course is represented by counsel. The undersigned issued findings and recommendations on April 19, 2012, that stated in part:

> Despite these glaring deficiencies in plaintiff's action, the instant motion for summary judgment was brought by defendant, who bears the burden of demonstrating the absence of a genuine issue of material fact. In the complaint, plaintiff alleges that defendant told him that he knew plaintiff had "bugs" but defendant did not want to subject medical personnel to a civil lawsuit so defendant would prescribe treatment only for a skin infection, as the medical department did not have any other medication. SAC at 3. Defendant did not address this allegation in the motion for summary judgment. In fact, there is no declaration from defendant Byers regarding the underlying facts of this case. In his opposition, plaintiff again sets forth this allegation as an undisputed fact, and defendant did not file a reply to refute it, nor did defendant ever address it. In both the complaint and the opposition to summary judgment, plaintiff swore to these facts under the penalty of perjury. The allegation is also presented in plaintiff's deposition that defendant has included as an exhibit. MTD, Exh. A at 21-22. Therefore, the undersigned must view this as an undisputed fact and plaintiff has demonstrated that a genuine issue as to a material fact exists. This undisputed material fact could show that defendant was deliberately indifferent to plaintiff's serious medical needs by purposely misdiagnosing plaintiff in order to avoid civil liability for the medical department. This could demonstrate a constitutional violation and must be determined at trial.

Doc 75 at 9-10.

In his objections, defendant's counsel seeks to introduce new evidence, arguments and declarations and essentially refile the motion for summary judgment, pursuant to Fed. R. Civ. P. 60(b)(1). Counsel states he misunderstood the court's order about the intention to file a dispositive order within 14 days as an order that a motion had to be filed within 14 days. Counsel also states he misunderstood the local rules and that he would be allowed to file a reply.

Rule 60(b)(1) involves a final judgment or order, neither of which is applicable in the instant case that involves findings and recommendations. Any attempt to frame the issue as involving a late filed reply is equally meritless. Not even a liberal construction of defendant's filing could classify it as a reply to plaintiff's opposition. Defendant wants to file a new motion for summary judgment that specifically addresses the deficiencies noted in the findings and recommendations. Nor do counsel's errors, of course, themselves warrant any type of relief or a second bite of the summary judgment apple.

However, on the other hand, the undersigned noted in the findings and recommendations the many potential deficiencies in plaintiff's action. The undersigned further notes the difficulties in serving the remaining defendants, difficulties which are well set out in the docket of this case. In all probability these defendants, once appearing, will seek to file dispositive motions as well; it is unlikely therefore that plaintiff would be prejudiced in terms of time in not having this case set for trial immediately. The issue becomes one of weighing whether sufficient prejudice to plaintiff in terms of having to oppose another motion outweighs the need to be efficient in reaching the correct and just result on the merits.

Given all the circumstances, the undersigned opts for fairness and efficiency with respect to the merits. Judicial economy and the exorbitant caseload in this district warrant intervention to prevent a questionable case proceeding to trial, despite the errors of defendant in the initial summary judgment motion.

However, also in the interests of judicial economy, the undersigned will not immediately review a new motion for summary judgment. The former motion for summary judgment and the findings and recommendations will be vacated, and defendant may re-notice his motion for summary judgment when the remaining defendants have been served and a dispositive motion has been filed on their behalf. If no dispositive motions are filed by either of the remaining defendants, the court will issue an appropriate order.

/////

Accordingly, IT IS HEREBY ORDERED that defendant's motion for summary judgment (Doc. 70) and the findings and recommendations (Doc. 75) are vacated.  Defendant may re-notice his motion for summary judgment when the remaining defendants have been served and a dispositive motion has been filed. If no dispositive motions are filed by either of the remaining defendants, the court will issue an appropriate order.

DATED: July 13, 2012

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB - norw2929.ord10