UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY NORWOOD,

    Plaintiff,

    v.

T. BYERS, et al.,

    Defendants.

No. 2:09-cv-2929 LKK AC P

FINDINGS AND RECOMMENDATION

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. By order filed September 12, 2013, respondent's motion to dismiss the second amended complaint was granted in part and plaintiff was afforded leave to amend as to defendant NP Kaur only. ECF No. 107. Plaintiff has filed a third amended complaint naming NP Kaur as the only defendant. ECF No. 108.

I.    Screening Pursuant to 28 U.S.C. § 1915

Generally, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

## II. Summary of the Third Amended Complaint

Plaintiff is currently a state prisoner at California State Prison, Solano in Vacaville, California. The events at issue in the third amended complaint allegedly occurred at the California Substance Abuse Treatment Facility and State Prison ("CSATF-SP") in Corcoran, California while plaintiff was incarcerated there. ECF No. 108 at 2. Plaintiff names Nurse Practitioner Kaur as the defendant in her "individual and/or official capacity." Id. at 1. Plaintiff alleges that he was examined by NP Kaur on July 14, 2009 for ongoing complaints of a scabies infection.[1] ECF No. 108 at 10. NP Kaur "informed plaintiff that she would not treat plaintiff for bugs (scabies) because she would not subject the medical department to civil liability." ECF No. 108 at 10. Plaintiff challenges the diagnosis and medication that he was given by NP Kaur during that visit as it was not for his scabies infection. As a result of NP Kaur's misdiagnosis plaintiff alleges that he endured additional suffering. Id. Plaintiff further alleges that NP Kaur joined in a conspiracy by medical staff at CSATF-SP to intentionally misdiagnose plaintiff to prevent the CDCR's civil liability. ECF No. 108 at 3, 6.

The third amended complaint also renews plaintiff's allegations of improper medical diagnosis and treatment by Dr. Nanganama while at California State Prison-Sacramento, ECF No. 108 at 4-5, and Physician's Assistant T. Byers while at CSATF-SP. ECF No. 108 at 6. By way of remedy, plaintiff seeks the appointment of an outside, presumably medical, expert as well as nominal, compensatory, and punitive damages.

## III. Analysis

For the reasons discussed below, the third amended complaint states a colorable Eighth Amendment claim for relief against defendant NP Kaur pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. Plaintiff has therefore complied with the

---

[1] Plaintiff provides additional background information on his past medical treatment for this alleged ongoing scabies infection by describing the number of prior occasions in which he was treated for this condition as well as a description of a June 9, 2009 telemed examination by a dermatologist. ECF No. 108 at 5-7.

1  provisions of this court's prior screening order.

2       A.     Eighth Amendment Claim

3  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health …" Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here plaintiff's allegations as to defendant NP Kaur, if liberally construed and presumed true, are sufficient to state an Eighth Amendment Claim of deliberate indifference to plaintiff's medical condition, i.e. scabies.  See Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976).   This claim should proceed.  However, the undersigned further recommends that the renewed Eighth Amendment claims against previously dismissed defendants Nanganama and Byers be dismissed from the third amended complaint for the reasons this court identified in prior Findings and Recommendations which were adopted by the District Judge.  See ECF Nos. 107, 103, 47, 45.

     B.     Conspiracy Claim

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–

1   41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v.

2   Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma,

3   866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not

4   know the exact details of the plan, but each participant must at least share the common objective

5   of the conspiracy.'"  Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

6   The mere statement that defendants acted "in concert" or "out of retaliation" is not sufficient to

7   state a claim.  "Threadbare recitals of the elements of a cause of action, supported by mere

8   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

9         Here, plaintiff's allegations of a conspiracy fail to state a claim upon which relief may be

10  granted.  First, there is absolutely no indication of any agreement between defendant NP Kaur and

11  any other medical personnel at CSATF-SP.  Mere joint employment by the California Department

12  of Corrections and Rehabilitation is not sufficient to establish the common objective required for

13  a conspiracy.  Additionally, the named individuals with whom defendant NP Kaur allegedly

14  conspired have already been dismissed from this lawsuit.  See ECF Nos.  107, 103, 47, 45.  A

15  conspiracy cannot exist if only one person is involved.  For these reasons, the undersigned

16  recommends that the conspiracy claim be dismissed with prejudice from the third amended

17  complaint.  Leave to amend is not appropriate in this circumstance as the conspiracy allegation

18  lacks merit entirely, the defects cannot be cured, and because plaintiff has already been afforded

19  leave to amend on two prior occasions.  See ECF Nos. 53, 67; see also Metzler Inv. GMBH v.

20  Corinthian Colleges, Inc.  540 F.3d 1049, 1072 (9th Cir. 2008); Lopez v. Smith, 203 F.3d 1122,

21  1129 (9th Cir. 2000).

22         IT IS HEREBY RECOMMENDED that

23         1.   Plaintiff's conspiracy claim alleged in the third amended complaint be dismissed

24  with prejudice for failure to state a claim upon which relief may be granted;

25         2.   Plaintiff's renewed Eighth Amendment claims against defendants Nanganama and

26  Byers be dismissed with prejudice pursuant to the previous orders of this court, ECF Nos. 47,

27  107;

28         3.   If the District Judge adopts these findings and recommendation, defendant shall

1   file a response to plaintiff's third amended complaint alleging an Eighth Amendment claim
2   against defendant NP Kaur, within thirty days from the date of said adoption.
3   These findings and recommendations are submitted to the United States District Judge
4   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days
5   after being served with these findings and recommendations, any party may file written
6   objections with the court and serve a copy on all parties.  Such a document should be captioned
7   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
8   objections shall be served and filed within fourteen days after service of the objections.  The
9   parties are advised that failure to file objections within the specified time may waive the right to
10  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 22, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE