UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NORWOOD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. BYERS, et al.,<br><br>　　　　Defendants. | No. 2:09-cv-2929 LKK AC P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's January 16, 2014 and May 21, 2014 motions for reconsideration of orders of this court dismissing defendants Salmi, Ramen, and T. Byers and seeking their reinstatement as defendants in this action.[1] The court construes these motions are motions pursuant to Fed. R. Civ. P. 60(b) for relief from this court's September 12, 2013 order adopting the magistrate judge's June 28, 2013 findings and recommendations and dismissing Defendants Salmi and Byers for failing to exhaust administrative remedies with respect to his

---

[1] In the May 21, 2014 motion, plaintiff requests that the court "reconsider its previous ruling being that plaintiff failed to exhaust administrative remedies as to defendants Nanganama, Ramen, Salmi, and Byers." Motion for Reconsideration (ECF No. 119) at 1. Plaintiff does not, however, seek reinstatement of defendant Nanganama, who was dismissed by order filed January 11, 2011 (ECF No. 47).

1

claims against these defendants,[2] and this court's July 18, 2011 order adopting the magistrate judge's May 9, 2011 findings and recommendations and dismissing defendant Ramen for failure to name him as a defendant in the amended complaint.  Defendants oppose both motions.

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  All motions pursuant to Rule 60(b) must be made within a "reasonable time" and motions pursuant to reasons (1), (2), and (3) must be made within a year of the challenged order.  Fed. R. Civ. P. 60(c)(1).  Rule 60(b)(6) is used "'sparingly as an equitable remedy to prevent manifest injustice.'"  Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)).

With respect to defendant Ramen, plaintiff's motions are untimely and inapposite.  As discussed above, defendant Ramen was dismissed over three years ago due to plaintiff's failure to name him in the amended complaint.  Plaintiff's motions will be denied as to defendant Ramen.

Defendants Salmi and Byers were dismissed for failure to exhaust administrative remedies.  In support of his first motion, plaintiff contends that newly discovered evidence shows

---

[2] Plaintiff's motion is styled as a motion for "relief from judgment of court's June 28, 2013 order, based on new evidence."  Motion filed January 16, 2014 (ECF No. 112) at 1.  The magistrate judge's findings and recommendations were signed in June 28, 2013 and entered on the docket on July 1, 2013.  See Findings and Recommendations filed July 1, 2013 (ECF No. 103).

that he did exhaust his first relevant administrative grievance identified as # SATF-M-08-02492. Specifically, he offers a letter that he sent to the Appeals Coordinator at the Substance Abuse Treatment Facility and the Chief of Inmate Appeals on December 3, 2013 requesting copies of the original 602 appeal for Log No. 08-2492 and 1A-33-2008-06648 as well as any correspondence relating to these appeals that was sent to plaintiff.  ECF No. 112 at 5, 7.  Plaintiff received a response to this request on or about January 2, 2014 from J.A. Zamora, Chief of the Office of Appeals, indicating that "there is no record that the Office of Appeals received appeal log #SATF-08-02492."  ECF No. 113 at 3.  Plaintiff relies upon this response in conjunction with his prison mail log indicating that he received correspondence from the Inmate Appeals Branch during 2008 and 2009 to suggest that the "defendants deleted dates that pertained [sic] to the relevant appeals."  ECF No. 113 at 1; see also ECF No. 112 at 8-22 (prison mail log).

In his second motion, plaintiff argues that defendants did not produce any evidence of how defendants determined that subsequent grievances screened out as duplicative of Log No. 08-2492 were in fact duplicative of that grievance.  Plaintiff contends they were not and that the improper screening out of his subsequent grievances rendered administrative remedies unavailable to him.  Plaintiff also argues that the decision of the United States Court of Appeals in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) requires the question of administrative exhaustion to be resolved by summary judgment and, therefore, that he should be permitted to conduct discovery on the questions of how the appeals coordinators who screened out his subsequent appeals determined they were duplicative of # SATF-M-08-02492 and when they were erroneously informed that # SATF-M-08-02492 was exhausted.

Assuming without deciding that plaintiff was diligent in obtaining the new evidence, the court denies the motion to reconsider on the merits.  Plaintiff's evidence does not support his assertion that he properly exhausted his 2008 administrative appeal but that defendants destroyed the documents proving it.  First, plaintiff's present argument is entirely inconsistent with his prior concession that he did not pursue Appeal Log No. 08-2492 to the Director's level of review because he never received it back from the first formal level of review.  See ECF No. 103 at 14. Moreover, none of the evidence now presented by plaintiff demonstrates that he did submit the

3

1  2008 grievance to the Office of Third Level Appeals for Health Care Services (OTLA-HC) in
2  order to properly exhaust his claim.  See ECF No. 87-3 at 2.  Moreover, none of the grievances
3  screened out as duplicative, all of which were based on events on or after February 9, 2009, arose
4  from alleged acts or omissions by defendant Salmi, and, as the magistrate judge found, none were
5  directed at any action by defendant Byers after the 2008 events on which plaintiff's claim against
6  defendant Byers was based.  See Findings and Recommendations (ECF No. 103) at 18; see also
7  Second Amended Complaint (ECF No. 71).

       Finally, Albino v. Baca, supra, does not require revisiting the decision to dismiss defendants Salmi and Byers.  There is no material dispute over whether plaintiff exhausted # SATF-M-08-2492.  The undisputed evidence shows he did not.

       For all of these reasons, plaintiff has failed to show any ground for setting aside the prior orders or reinstating the claims against defendants Salmi, Byers, or Ramen.  Accordingly, IT IS HEREBY ORDERED that:

    1.  Plaintiff's January 16, 2014 motion (ECF No. 112) is denied; and

    2.  Plaintiff's May 21, 2014 motion (ECF No. 119) is denied.

DATED:  August 13, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT