UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NORWOOD, | No.  2:09-cv-2929 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| NANGANAMA, et al., | |
| Defendants. | |

On April 22, 2015, this court ordered the parties to advise whether they agreed to the undersigned serving as the settlement judge in this case.  ECF No. 136.  Since defendant has not waived the disqualification of the undersigned (ECF No. 137), another magistrate judge has been randomly assigned for purposes of conducting a settlement conference.  The settlement conference will be set to occur at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom 8 before Magistrate Judge Edmund F. Brennan on August 6, 2015, at 10:00 a.m.  A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

Although this case is currently scheduled for a settlement conference, the court will proceed with scheduling a trial to prevent delay in the event the settlement conference is unsuccessful.  The parties will be required to file pretrial statements in accordance with the schedule set forth below.  As set forth in this court's initial scheduling order, in addition to the

1

matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, plaintiff will be required to make a particularized showing in the pretrial statement in order to obtain the attendance of witnesses. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in the pretrial statement.

At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence to prove the case, whether that evidence is in the form of exhibits or witness testimony. If the plaintiff wants to call witnesses to testify, plaintiff must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

    1. The prospective witness is willing to attend;

    <u>and</u>

    2. The prospective witness has actual knowledge of relevant facts.

<u>With the pretrial statement</u>, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.

The motion must:

    1. State the name and address of each such witness;

    <u>and</u>

    2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

1. The party can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness;

Or

2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

1. The party can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

Or

2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

////

////

1       II.      <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to

2            Testify Voluntarily</u>

3       If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify

4 voluntarily, the party should submit with the pretrial statement a motion for the attendance of

5 such witnesses. Such motion should be in the form described above. In addition, the party must

6 indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

7       III.      <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to

8            Testify Voluntarily</u>

9       It is the responsibility of the party who has secured an unincarcerated witness' voluntary

10 attendance to notify the witness of the time and date of trial. No action need be sought or

11 obtained from the court.

12       IV.      <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to

13            Testify Voluntarily</u>

14       If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>not

15 earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and

16 submit to the United States Marshal a subpoena for service by the Marshal upon the witness.

17 Also, the party seeking the witness' presence must tender an appropriate sum of money to the

18 witness through the United States Marshal. In the case of an unincarcerated witness, the

19 appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>.

20       A subpoena will not be served by the United States Marshal upon an unincarcerated

21 witness unless the subpoena is accompanied by a money order made payable to the witness for

22 the full amount of the witness' travel expenses plus the daily witness fee of $40.00. As noted

23 earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the

24 tendering of witness fees and travel expenses is required even if the party was granted leave to

25 proceed in forma pauperis.

26       Good cause appearing, pursuant to Fed. R. Civ. P. 16(b), THIS COURT ORDERS AS

27 FOLLOWS:

28       1. Discovery is closed.

    2. Law and motion is closed.

    3. The parties are hereby notified that a Settlement Conference has been SET for August 6, 2015, at 10:00 a.m. in Courtroom 8 before Magistrate Judge Edmund F. Brennan. The parties are directed to submit confidential settlement conference statements via e-mail (efborders@caed.uscourts.gov) or by mail to chambers seven (7) days prior to the settlement conference. Any settlement statements sent to the court by mail should indicate on the envelope and on the face of the statement that it is a confidential communication to Magistrate Judge Edmund F. Brennan. Such statements are neither to be filed with the clerk nor served on opposing counsel. The parties may agree, or not, to serve each other with the settlement statements. Each party is reminded of the requirement that it be represented in person at the settlement conference by a person able to dispose of the case or fully authorized to settle the matter at the settlement conference on any terms. See Local Rule 270.

    4. If the settlement conference is unsuccessful, plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before September 28, 2015. Defendants shall file their pretrial statement on or before October 12, 2015. The parties are advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

    5. Pretrial conference (as described in Local Rule 282) is set in this case for October 19, 2015, before the magistrate judge. The pretrial conference shall be conducted on the file only, without appearance by either party.

    6. This matter is set for jury trial before the Honorable John A. Mendez on January 25, 2016, at 8:30 a.m. in Courtroom 6.

DATED: May 18, 2015

                                      _____
                                      ALLISON CLAIRE
                                      UNITED STATES MAGISTRATE JUDGE