UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NORWOOD, | No. 2:09-cv-2929 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| NANGANAMA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court is plaintiff's renewed motion for an expert witness. ECF No. 145.  Defendant has responded (ECF No. 146) and plaintiff has replied (ECF No. 146).

Plaintiff's surviving claim against defendant Kaur is that she deliberately misdiagnosed him when she examined him in July 2009 because she believed that a correct diagnosis of scabies would create civil liability against the medical department.  ECF No. 108 at 3, 7, 10-11; ECF No. 110; ECF No. 111.  Plaintiff previously moved for appointment of an expert dermatologist early in this case.  ECF No. 20.  That request was denied because an expert witness was deemed unnecessary at that early stage.  ECF No. 45 at 11.  In light of the impending trial, plaintiff has again moved for an expert witness in this case.  ECF No. 145.

Plaintiff seeks a dermatology expert to examine him with an ultraviolet light and microscope "in an attempt to detect eggs, feces and new or old burro[w]ing etc."  Id.  Although

plaintiff specifies an expert and the cost for that expert conducting an examination, he states that any expert appointed by the court would be acceptable. Id.; ECF No. 147.  Defendant objects to the request on the grounds that plaintiff's current condition has little bearing on his claims in this case; he is seeking an advocate, not a neutral expert; and he has the means to pay for an expert. ECF No. 146.

Federal Rule of Evidence 706 authorizes the appointment of a neutral expert witness, with expenses shared by the parties.  The appointment of an independent expert witness pursuant to Rule 706 is within the court's discretion, Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999), and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue," Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997).  However, the statute authorizing plaintiff's in forma pauperis status does not authorize the expenditure of public funds for expert witnesses.  See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses).  The federal courts have uniformly held that an indigent prisoner litigant must bear his own costs of litigation, including witnesses.  Tedder, supra, 890 F.2d at 211 (in forma pauperis statute, 28 U.S.C. § 1915, does not authorize waiver of fees or expenses for an indigent's witnesses).

In this case, it appears that plaintiff is seeking to have the court appoint an expert witness to advocate on his behalf.  However, even if plaintiff is truly seeking a neutral expert, the court does not find that the issues in this case are complicated such that the testimony of a neutral expert would be warranted.  Moreover, as defendant points out, her alleged conduct took place over six years ago and plaintiff has not provided any evidence that an evaluation of his current condition would have any relevance to his condition six years ago.  Even if an expert could detect evidence of old infections, there is nothing to indicate that the date of those infections could be identified with the accuracy necessary to establish that plaintiff had scabies when he was examined by defendant Kaur in July 2009.  Plaintiff's request for appointment of an expert

1   dermatologist pursuant to Federal Rule of Evidence 706 will therefore be denied.

2        Plaintiff's request is also reasonably construed as a request for appointment of a medical
3   expert on plaintiff's behalf .  In contrast to the procedures under Federal Rule of Evidence 706,
4   the expenses of an expert retained on behalf of a prisoner litigant may be recovered if
5   preauthorized and arranged by counsel appointed by this court's Pro Bono Panel.  The United
6   States Supreme Court has ruled that district courts lack authority to require counsel to represent
7   indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298
8   (1989).  In certain exceptional circumstances, the district court may request the voluntary
9   assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017
10  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

11       "When determining whether 'exceptional circumstances' exist, a court must consider 'the
12  likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims
13  *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,
14  970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden
15  of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to
16  most prisoners, such as lack of legal education and limited law library access, do not establish
17  exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In
18  this instance, the court does not find the issues to be so complex that plaintiff will be unable to
19  articulate his claims.  Moreover, plaintiff's request for an expert to testify regarding his current
20  condition does not constitute exceptional circumstances warranting appointment of counsel.  The
21  court will therefore decline to appoint counsel.

22       The court notes that defendant also argues that plaintiff has the means to pay for an expert
23  and no longer meets the requirements for in forma pauperis status (ECF No. 146 at 5, 7), which
24  would weigh against appointment of counsel for the purpose of obtaining an expert witness.
25  However, counsel does not provide the court with any specifics that would allow a finding that
26  plaintiff can afford either counsel or an expert witness.  The court declines to accept counsel's
27  conclusory assertion that plaintiff no longer qualifies to proceed in forma pauperis (id. at 7, ¶ 3)
28  as evidence of plaintiff's ability to pay for his litigation expenses.

Because the remaining issues in this case are not so complex as to require the appointment of a neutral expert and plaintiff has not established that the purpose for which he seeks an expert witness would have any relevance to the issues in this case, plaintiff's motion for appointment of an expert will be denied and the court will not appoint counsel for the purpose of retaining an expert witness.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an expert witness (ECF No. 145) is denied.

DATED: November 18, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE